UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Criminal No. 05-246-07 (RMC) |
| | : | |
| OSCAR AGUILAR-GOMEZ | : | |
| (JOSE LUIS CONTRERAS-MACEDAS) | : | |

DEFENDANT'S MOTION TO DISMISS SUPERCEDING INDICTMENT (SEPTEMBEER 22, 2005) AND FOR LEAVE TO ADOPT AND JOIN CO-DEFENDANT DAVID MORA-GIL'S MOTION TO DISMISS THE INDICTMENT AND SUPPORTING MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to the provisions of FRCrP 12, 48 and LCrR 47, defendant Oscar Aguilar-Gomez, by his attorney, Gary M. Sidell, hereby submits his motion to join that submitted previously by co-defendant David Mora-Gil to dismiss the indictment in this case. As grounds for his motion, Mr. Aguilar-Gomez states the following:

1. On May 10, 2005, co-defendant Mora-Gil, and another, were arrested in this case and indicted on June 28, 2005. Mr. Mora-Gil was charged with, inter alia, possession of fraudulent documents. One month later, on July 29, 2005, he filed a motion to dismiss the original indictment due to unnecessary delay in his indictment.

2. On August 2, 2005, in this jurisdiction, Mr. Aguilar-Gomez, and others, was arrested in this case on an arrest warrant issued by the Immigration and Naturalization Service ("INS"), and as part of the investigation into the possession, production and distribution of fraudulent employment documents in the 1700 block of Columbia Road, NW, Washington. Mr. Aguilar-Gomez was interrogated by INS officials and, subsequently, ordered deported to his

native country of Mexico. Mr. Aguilar-Gomez has been detained since the time of his arrest, some 87 days to date.

3.  On September 19, 2005, Mr. Aguilar-Gomez was interrogated for at least two (2) hours by officers of the Immigration and Customs Enforcement division of the Department of Homeland Security concerning the possession, production and distribution of fraudulent employment documents in the 1700 block of Columbia Road, NW, Washington. The purported result of this interrogation was a four (4) page typewritten, question and answer, statement allegedly given by Mr. Aguilar-Gomez. A copy of this English only statement has been provided to counsel by the United States Attorney.

4.  On September 22, 2005, 51 days after his arrest and detention, Mr. Aguilar-Gomez, along with six (6) others, was indicted by a superseding indictment for the offenses of (1) conspiracy to commit an offense against the United States, e.g., the production of false identification documents, possession of fraudulent documents for authorized stay or employment in the United States, (2) production of fraudulent documents, and (3) the transfer of fraudulent documents. Mr. Mora-Gil was similarly included in this superseding indictment..

5.  On October 6, 2005, Mr. Aguilar-Gomez had his Initial Appearance before the Honorable Magistrate Judge Deborah A. Robinson on the superseding indictment.

6.  The September 19, 2005 four (4) page typewritten statement attributed to Mr. Aguilar-Gomez contains incriminating information against him and in apparent support of the charges contained in the superseding indictment. As with Mr. Mora-Gil, and with other co-defendants, the delay between arrest and the commencement of a criminal prosecution was unnecessary, but for the prosecution's effort in obtaining information incriminating to Mr. Aguilar-Gomez and helpful to itself. As a result, Mr. Aguilar-Gomez submits that his position is

similar to that of Mr. Mora-Gil and it would, therefore, promote the efficient resolution of this multi-codefendant case to permit him to join Mr. Mora-Gil's motion to dismiss the indictment, pursuant to the provisions of FRCrP 48(b).

7.     Similarly, 18 U.S.C. 3161(b) requires that an "information or indictment charging an individual with the commission of an offense shall be filed within thirty (30) days from the date on which such individual was arrested. . . in connection with such charges." Here, Mr. Aguilar-Gomez was not charged with the commission of the offense for which he was arrested and detained on August 2 until September 22, 2005, a time period of **51 days,** nearly double the maximum permissible statutory time period. In light of this failure to comply with clear statutory time limits, the sanction of mandatory dismissal of this case is equally clear, e.g., "[i]f . . . . no indictment [   ] is filed within the time limit required by section 3161(b) . . . such charge against that individual . . . *shall be dismissed* or otherwise dropped." 18 U.S.C. 3162(a)(1)(emphasis added). Among those factors to be considered whether this dismissal is with or without prejudice, the "impact of reprosecution on the administration of this chapter and on the administration of justice" must be considered. Id. Here, it took the United States 13 days once Mr. Aguilar-Gomez was arrested, or only until August 15, 2005, to obtain an order deporting him to Mexico. Clearly, the impact of reprosecution on the administration of both this section of the Untied States criminal code, as well as the administration of justice, is favored by dismissal with prejudice since the government has already elected to proceed with dispatch to deport Mr. Aguilar-Gomez. He submits that there would be no justification for pursuing this criminal prosecution now, in the face of the lightening like deportation process which has already been completed. Were this intention otherwise, there would have been no rush to obtain the deportation order as occurred. Therefore,

Mr. Aguilar-Gomez urges this Honorable Court to permit him to join Mr. Mora-Gil's motion to dismiss, and to dismiss with prejudice the September 22, 2005 superseding indictment.

          Respectfully submitted,

          /s/

          Gary M. Sidell
          1101 Connecticut Ave., NW
          Suite 1000
          Washington, D.C. 20036
          D.C. Bar No. 961847
          202-783-0060
          Suitcase@erols.com
          Attorney for Oscar Aguilar-Gomez

Dated: October 28, 2005

## CERTIFICATE OF SERVICE

      I hereby certify that I have caused to be served electronically the foregoing pleading on all parties to this proceeding this 28th day of October, 2005.

          /s/

          Gary M. Sidell