UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| V. : | Criminal No. 05-246-07 (RMC) |
| : | |
| OSCAR AGUILAR-GOMEZ : | |
| (JOSE LUIS CONTRERAS-MACEDAS) : | |

SUPPLEMENT TO DEFENDANT'S MOTION TO DISMISS SUPERCEDING INDICTMENT
(SEPTEMBEER 22, 2005)

Pursuant to the provisions of FRCrP 12, 48 and LCrR 47, defendant Oscar Aguilar-Gomez, by his attorney, Gary M. Sidell, hereby submits his supplement to his motion to dismiss the superceding indictment in this case. In supplement to his motion, Mr. Aguilar-Gomez states the following:

1.  On August 2, 2005, Mr. Aguilar-Gomez was both arrested by Immigrations and Customs Enforcement ("ICE") and executed all necessary documents to waive all administration immigration deportation hearings. However, rather than be promptly deported to Mexico, a total of 64 days passed between both Mr. Aguilar-Gomez's "administrative" arrest (August 2, 2005) and his October 5, 2005 arrest on the current criminal charges.. On August 15, 2005, a mere 13 calendar days after executing all documents he was asked to provide for his immediate deportation, an immigration judge in Arlington, Virginia signed a stipulated order of removal for Mr. Aguilar-Gomez. Exhibit AG-5.

2.  Despite the August 15, 2005 Order Granting Stipulated Removal ("ORDER") of Mr. Aguilar-Gomez from this country, ICE took no action whatsoever to fulfill that ORDER. In

an effort to deflect attention from this extended level of inactivity by ICE, this Honorable Court was presented with testimony on March 17, 2006, by an ICE supervisor which simply provided an ad hoc "average" time period of 90 days between an order of removal and an alien's actual deportation. 3/17/06 TR @ 20. In fact, Agent Arrieta testified that this time period has been known to increase by a factor of 100% to six (6) months time, although he was unable to base this time period on any statute, regulation or other firm deadline. In fact, the essence of his testimony provides, we submit, just the contrary conclusion: ICE effects deportation anywhere from a short time period to possibly the better part of a year. 3/17/06 TR., <u>passim.</u>

      3.      18 U.S.C. §3161(b) obligates the prosecution to file an information or indictment charging one with a crime within thirty (30) days from the date on which that person was arrested in connection with that charge. While ICE detentions have been recognized as usually civil, rather than criminal, in nature, a "ruse" exception to this "civil" conclusion has been recognized for purpose of application of one's rights to a speedy trial and the §3161(b) time limitation. Indeed, where the "civil" detention is a "mere ruse," that detention may constitute "an arrest in connection with a criminal charge" triggering the 30 day Speedy Trial clock. <u>United States v. Pinto-Roman</u>, 337 F. Supp. 2d 782, 785 (E.D. Va. 9/21/04)(Ellis, J.), citing, <u>United States v. Cepeda-Luna</u>, 989 F.2d 353, 357 (9th Cir. 1993).

      4.      Where a defendant is charged with identical civil and criminal offenses, and there is evidence sufficient to conclude that the prosecution "fully intended to charge the defendant with the identical criminal charge and purposefully utilized the I.N.S. to detain the defendant pending the filing of the criminal complaint," a defendant establishes that the civil "arrest" was a "mere ruse," the Speedy Trial Act clock begins with the defendant's arrest and, absent a formal criminal

charge within the thirty (30) day period, the criminal charges should be dismissed. United States v. Okuda, 675 F. Supp. 1552, 1555 (D. Haw. 1987).

  5. On August 1, 2005, ICE agent Mark Leeper ("Leeper") submitted an Application and Affidavit for Search Warrant, case number 05-432M-01. Leeper's warrant application was based on purported violations of 18 U.S.C. §1546(a)(manufacture of counterfeit immigration/identification documents) and stated that he had been investigating the manufacture and distribution of counterfeit identity documents in the 1600-1800 blocks of Columbia Road, NW, Washington, D.C. since ***April, 2002***, a time period of three and one-half years. The Honorable Alan Kay issued a search warrant for 526 Tuckerman Street, NW when presented with the Leeper request. Exhibit AG-01. The next day, August 2, 2005, the warrant was executed, while Mr. Aguilar-Gomez was arrested at his residence at 4910 Kansas Ave., NW, Washington, D.C. Later that same day, Mr. Aguilar-Gomez executed documents that relinquished his right to administrative process challenging his deportation and agreed to return to his native country of Mexico. The August 15, 2005 ORDER resulted from Mr. Aguilar-Gomez's waiver of administrative process. Lest there be any doubt, Mr. Aguilar-Gomez was being held by ICE for purported involvement in Operation Card Shark, the three and one-half year investigation by Leeper, as detailed in his warrant affidavit to Magistrate Judge Kay of August 1, 2005, which involved the alleged violation of 18 U.S.C. §1546(a), and which was memorialized in the Record of Deportable/Inadmissible Alien prepared by ICE agent Akil Baldwin on August 2, 2005. See, Exhibit AG-02.

  6. On September 19, 2005, 48 days after his August 2 arrest and 35 days after issuance of the ORDER for removal, while Mr. Aguilar-Gomez remained in custody, ostensibly on the "civil" ICE arrest and case, he was interviewed by ICE agents Leeper Simon, in their

Fairfax, VA offices.  At that time and location, Leeper and Simon interrogated the defendant about the same Operation Card Shark investigation as detailed in Leeper's search warrant application, Exhibit Ag-01, i.e., the sale of false immigration and identification documents in the 1600 to 1800 blocks of Columbia Road, NW..  See, Exhibit AG-04 (defendant's "statement" exclusively in English!)  Three (3) days later, on September 22, 2005, Mr. Aguilar-Gomez, and others, were indicted for the same offenses as contained in the Leeper August 1, 2005 warrant application, and as discussed in the September 19, 2005 "statement" of Mr. Aguilar-Gomez.

      7.      Based on the foregoing, Mr. Aguilar-Gomez was charged by both ICE (August 1 and 2, 2005, Exhibits AG-01 and AG-02) and the United States Attorney (indictment, Exhibit Ag-03PD-163 Arrest/Prosecution Report) with violations of 18 U.S.C. §1546(a)(manufacture and distribution of false immigration/identification documents).  Moreover, since Mr. Aguilar-Gomez had been ordered deported already, by stipulation on August 15, 2005, having waived not only his right to a hearing in the first instance, but all appeals as well, there was no justification for deportation purposes to interview him on September 19, 2005, concerning Operation Card Shark and any involvement he may have had, but for use in a subsequent criminal prosecution.  That prosecution formally arrived not 72 hours later, on September 22, 2005, by way of his indictment on the same charges for which he was originally arrested 51 days earlier.  Hence, Mr. Aguilar-Gomez submits that he has presented evidence to establish that his detention after August 15, 2005, while ostensibly awaiting deportation, was a "mere ruse" for his criminal prosecution on the same charges which his right to a speedy trial was violated.  This conclusion is reinforced by the total absence of any record evidence that ICE had done something/anything to deport him to Mexico, especially the testimony of Agent Arrieta on March 17, 2006.  As such, he submits that the current indictment must be dismissed with prejudice as the appropriate sanction for the charade

of detaining him from August 2 on his "civil" ICE deportation case where, in fact, he was held, and interrogated, for the current criminal prosecution. As noted above, the government "fully intended to charge the defendant with the identical criminal charge and purposefully utilized the I.N.S. [ICE] to detain the defendant pending the filing of the criminal [indictment]." Okuda, supra, @ 1555.

Respectfully submitted,

/s/
_____
Gary M. Sidell
1101 Connecticut Ave., NW
Suite 1000
Washington, D.C. 20036
D.C. Bar No. 961847
202-783-0060
Suitcase@erols.com
Attorney for Oscar Aguilar-Gomez

Dated: March 31, 2006

CERTIFICATE OF SERVICE

I hereby certify that I have caused to be served electronically the foregoing pleading on all parties to this proceeding this 31st day of March, 2006.

/s/
_____
Gary M. Sidell

5