

México, Distrito Federal, a cuatro de mayo, del año dos mil cuatro.

VISTOS, para resolver en SENTENCIA DEFINITIVA, los autos del expediente número 1442/03, relativos al Juicio Ordinario Civil, DIVORCIO NECESARIO, promovido por GALVAN RIOS MARIA SOLEDAD, en contra de OSCAR AGUILAR GOMEZ, y;



DEFT./RESP.
EXHIBIT I
CASE# 05-246

### RESULTANDO:

1.- Que por escrito presentado el día dieciocho de noviembre del año dos mil tres, ante la Oficialía de Partes Común Civil-Familiar de este H. Tribunal Superior de Justicia, compareció MARIA SOLEDAD GALVAN RIOS, por propio derecho, a demandar en la Vía Ordinaria Civil de su esposo el C. OSCAR AGUILAR GOMEZ, EL DIVORCIO NECESARIO; fundándose para ello en los hechos que dejó narrados en su escrito mencionado y en las causales de divorcio, previstas en las fracciones IX y XII del artículo 267 del Código Civil.

2.- Por razón de turno correspondió a este juzgado, conocer del presente juicio, por lo que por auto respectivo, se admitió a trámite la demanda en la vía y forma propuesta, ordenándose la formación del expediente correspondiente, su registro en el libro de Gobierno, la notificación y el emplazamiento al demandado, el cual se hizo legalmente, en diligencia del día cinco de diciembre del año dos mil tres; sin que el enjuiciado contestara la demanda entablada en su contra, por lo que, por proveído correspondiente se tuvo por acusada la rebeldía que se hizo valer en su contra y por contestada la demanda en sentido negativo, asimismo se citó a las partes para la audiencia previa de conciliación y excepciones procesales que se verificó el día veintinueve de enero del año dos mil cuatro, en la cual no se pudo agotar la fase conciliatoria, en virtud de la inasistencia de las partes, por el cual, se abrió el juicio a prueba periodo en el cual únicamente la parte actora ofreció las que a su derecho convino, mismas que se le admitieron por proveído respectivo y que se desahogaron en la audiencia de ley, en los términos que constan en actuaciones, por lo que agotadas las fases del procedimiento, se turnaron los autos a la vista del Suscrito, para dictar la resolución correspondiente, la que ahora se pronuncia al tenor de los siguientes;

### CONSIDERANDOS:

I.- Este Juzgado es competente para conocer y resolver el presente juicio de acuerdo a lo dispuesto por los artículos 143, 144, 151, 153 fracciones II y IV, 156 fracciones IV y XII del Código de Procedimientos Civiles Vigente en el Distrito Federal, en relación con el artículo 52 de la Ley Orgánica del Tribunal Superior de Justicia del Distrito Federal. Las partes están legitimadas procesalmente en el presente asunto, como se desprende de las actas del Registro Civil de matrimonio y de Nacimiento que se acompañaron al escrito inicial de la demanda en copias certificadas, las que gozan de absoluto valor probatorio conforme a los artículos 39 y 50 del Código Civil, 327 fracción IV, y 403 del Código de Procedimientos Civiles Vigente en el Distrito Federal.

II.- El matrimonio de las partes: OSCAR AGUILAR GOMEZ y MARIA SOLEDAD GALVAN RIOS, celebrado el día primero de marzo de mil novecientos noventa y seis, en esta ciudad de México Distrito Federal, bajo el régimen patrimonial de SOCIEDAD CONYUGAL, así como el nacimiento de sus menores hijas CHARON ELIZABETH y GUADALUPE MONTSERRAT ambas de apellidos AGUILAR GALVAN; quedó demostrado con las actas del Registro Civil respectivas, mismas que hacen prueba plena y que fueron valoradas en el considerando anterior.

III.- Pasando al estudio y resolución de la acción ejercitada por la actora por lo que hace a la causal de divorcio prevista en la fracción IX del artículo 267 del Código Civil, relativa a la separación de los cónyuges por más de un año, independientemente del motivo que haya originado la separación, la cual

1



podrá ser invocada por cualesquiera de ellos, aduciendo esencialmente en su demanda, que desde el día treinta de octubre del año dos mil uno, a la fecha se encuentra separada del demandado, por lo que considera la actora que la conducta de ambos se adecua a lo establecido en la causal de divorcio que invoca.

Al respecto diremos, que la citada causal, quedó plenamente demostrada, con los medios de prueba que aportó y desahogó la actora en el juicio; entre éstos la confesional directa y calificada del demandado, quien al absolver las posiciones previamente calificadas de legales al responder a las posiciones números cuatro y ocho admitió que se encuentra separado de su consorte hasta la fecha; misma que está adminiculada a la testimonial rendida en la audiencia de ley por conducto de las CC. MIRIAM JIMENEZ RIOS y BERTHA RIOS PEREZ, quienes fueron uniformes y contestes en sus declaraciones en manifestar que saben y les consta, que las partes en el presente juicio actualmente se encuentran separadas desde el treinta de octubre del año dos mil uno; probanzas que enlazadas a la instrumental de actuaciones y a la presuncional legal y humana, mismas que fueron analizadas en base a las reglas de la lógica y la experiencia que preceptúa el artículo 402 del Código de Procedimientos Civiles Vigente en el Distrito Federal; y que merecen pleno valor probatorio de conformidad con el artículo 403 del Ordenamiento Legal citado; lo cual nos permite arribar a la conclusión de que se confirmaron los hechos expuestos en la demanda, en el sentido de que las partes se encuentran separadas, desde el día treinta de octubre del año dos mil uno, por lo que si la demanda se presentó el día dieciocho de noviembre del año dos mil tres, como se desprende de las constancias de actuaciones, es indiscutible que las partes han estado separadas por un lapso mayor de un año, término legal que requiere la causal de divorcio a estudio, para su procedencia, por ello al actualizarse la causal a comento, por lo que habremos de decretar la disolución del vínculo matrimonial solicitado.

Por lo que respecta a la causal de divorcio, contenida en la fracción XII del artículo 267 del Código Civil; en la cual también finca su acción la actora, que se refiere a la negativa injustificada de los cónyuges a cumplir con las obligaciones señaladas en el artículo 164 del Código Civil, sin que sea necesario agotar previamente los procedimientos tendientes a su cumplimiento, así como el incumplimiento sin justa causa, por alguno de los cónyuges, de la sentencia ejecutoriada en el caso del artículo 168 del Código Civil; aduciendo en su demanda, que el ahora demandado ha desatendido sus obligaciones alimentarias de proporcionarles alimento, vestido, médico, medicina y todo lo necesario a ella y a sus menores hijas, desde la fecha que se encuentran separados treinta de octubre del año dos mil uno a la fecha de presentación de la demanda dieciocho de noviembre del año dos mil tres.

A ello diremos, que la causal de mérito quedó demostrada, ya que tratándose de alimentos, corresponde la carga de la prueba, al demandado en el sentido de justificar que ha cumplido con su obligación alimentaria que le imponen los artículos 164, 302, 303, 308 y 311 del Código Civil, por todo el tiempo que le imputa la actora su incumplimiento, esto es, desde el treinta de octubre del año dos mil uno a la fecha de presentación de la demanda (dieciocho de noviembre del año dos mil tres); ya que no sería lógico, ni jurídico exigir a la actora, demostrar un hecho negativo como lo es que no le daba los alimentos para sí misma, y sus menores hijas lo cual no fue desvirtuado por el demandado, dado que si bien al rendir la prueba confesional a su cargo al responder a las posiciones cinco, seis, siete y ocho del pliego respectivo, señaló que siempre les ha proporcionado los alimentos a sus acreedoras; sin embargo como consta en autos el demandado se abstuvo de contestar la demanda entablada en su contra y en consecuencia no ofreció ningún medio de prueba al juicio, para demostrar sus afirmaciones; lo cual nos lleva a concluir que el demandado al no haber demostrado estar al corriente, con la obligación alimentaria, con sus acreedoras por todo el tiempo que le atribuye su incumplimiento la actora, es indiscutible que se actualiza la causal de divorcio a estudio y por ende, en base al presente estudio, debe decretarse la disolución del vínculo matrimonial

2



solicitado, esto es, con fundamento en las causales de divorcio previstas en las fracciones IX y XII del artículo 267 del Código Civil y como consecuencia se debe declarar la terminación del régimen patrimonial de sociedad conyugal, bajo el cual contrajeron matrimonio las partes, mismo que deberá liquidarse en ejecución de sentencia, en caso de que existan bienes que se hayan adquirido durante la vigencia del matrimonio, lo anterior con fundamento en el artículo 287 del Código Civil.

IV.- Asimismo, por lo que hace a la guarda y custodia de las menores hijas de las partes CHARON ELIZABETH y GUADALUPE MONTSERRAT ambas de apellidos AGUILAR GALVAN que procrearon en su matrimonio, con las facultades que le otorgan al Suscrito Juzgador los artículos 283 y 287 del Código Civil, y en consideración que desde antes y después de la separación de los contendientes (treinta de octubre del año dos mil uno), las menores de referencia se encuentra viviendo a lado de su progenitora; quienes en la actualidad tienen dos años nueve meses de edad y cinco años cinco meses de edad respectivamente y que no consta en autos que la madre represente un peligro para su sano y normal desarrollo; el Suscrito estima pertinente decretar la guarda y custodia definitiva de las pluricitadas menores CHARON ELIZABETH y MONTSERRAT ambas de apellidos AGUILAR GALVAN a favor de su progenitora la C. MARIA SOLEDAD GALVAN RIOS, lo anterior con fundamento en los preceptos jurídicos antes invocados y el artículo 282 fracción V último párrafo del Código Civil y en los artículos 940 y 941 del Código de Procedimientos Civiles Vigente en el Distrito Federal; debiendo conservar ambas partes el ejercicio de la patria potestad sobre sus menores hijas CHARON ELIZABET y GUADALUPE MONSERRAT ambas de apellidos AGUILAR GALVAN.

V.- En cuanto al pago y aseguramiento de una pensión alimenticia, suficiente y bastante que la actora demanda a favor de de las menores hijas de las partes CHARON ELIZABETH y GUADALUPE MONTSERRAT ambas de apellidos AGUILAR GALVAN. A ello debe decirse que es procedente la pretensión de la actora, dado que de conformidad con nuestra Legislación, los hijos tienen la presunción legal de necesitar alimentos, salvo prueba en contrario, lo cual no fue desvirtuado por el demandado; pues como consta en autos se constituyó en rebeldía y no ofreció pruebas al juicio; por lo que al haber quedado demostrados los requisitos que establece el artículo 311 del Código Civil, esto es, la necesidad de las acreedoras alimentarios y la capacidad económica del deudor alimentista, con el oficio girado al C. Representante Legal de la Empresa "CENTRO DE RESTAURACION AUTOMOTRIZ", en la cual labora el demandado (Fojas 8 de autos), por lo que atendiendo al principio de proporcionalidad que establece el citado precepto legal, y en consideración a la edad de las menores hijas de las partes CHARON ELIZABETH y GUADALUPE MONTSERRAT ambas de apellidos AGUILAR GALVAN, quienes tienen actualmente dos años nueve meses y cinco años cinco meses de edad respectivamente, por lo que requieren de mayores gastos para su manutención; además de que no quedó acreditado en autos que el deudor alimentario tuviera otros acreedores; por ende, con fundamento en los artículos 164, 302, 308 y 311 del Código Civil, resulta procedente condenar al demandado el C. OSCAR AGUILAR GOMEZ, al pago de una pensión alimenticia Definitiva a favor de sus menores hijas CHARON ELIZABETH y GUADALUPE MONTSERRAT ambas de apellidos AGUILAR GALVAN, a razón del 30 % (TREINTA POR CIENTO) Mensual, del total de sus percepciones, tanto ordinarias como extraordinarias o que por cualesquier otro concepto obtenga el demandado por la prestación de sus servicios o proveniente de sus bienes; previos los descuentos estrictamente autorizados por la ley; y la cantidad resultante de dicho porcentaje, deberá ser entregada a la actora en representación de sus menores hijas CHARON ELIZABETH y GUADALUPE MONTSERRAT ambas de apellidos AGUILAR GALVAN mediante recibo e identificación que al respecto otorgue, quedando garantizada la pensión alimenticia fijada con los derechos laborales que tiene el reo en su Centro de Trabajo en el cual presta sus servicios, por lo



que, para el caso de renuncia, jubilación, despido o cualesquier otra situación similar, el Centro de Trabajo en el que labora el reo, deberá retener el porcentaje referido para ser entregado a la actora en representación de sus menores hijas CHARON ELIZABETH y GUADALUPE MONTSERRAT ambas de apellidos AGUILAR GALVAN.

En consecuencia, en su oportunidad deberá girarse el oficio de estilo al C REPRESENTANTE LEGAL DE LA EMPRESA "CENTRO DE RESTAURACION AUTOMOTRIZ"; a fin de que se ordene a quien corresponda se proceda hacer el descuento del salario del deudor alimentista OSCAR AGUILAR GOMEZ, ordenados en la presente resolución, así como la garantía de los mismos. Asimismo, para que se haga del conocimiento del C. Representante Legal del Centro de Trabajo antes mencionado en el cual presta sus servicios el demandado, que será responsable de los daños y perjuicios que ocasione a las acreedoras alimentarias, ante la negligencia de practicar el descuento ordenado por el Suscrito, y de rendir informes falsos; atento a lo dispuesto por el artículo 323 BIS del Código Civil, que establece que a toda persona quien por su cargo corresponda proporcionar informes sobre la capacidad económica del deudor alimentista, está obligado a suministrar los datos que solicite el Juez de lo Familiar, de no hacerlo, será sancionado en los términos establecidos en el Código de Procedimientos Civiles; y responderá solidariamente con los obligados directos, de los daños y perjuicios que cause al acreedor alimentista por sus omisiones o informes falsos. Asimismo se hace de su conocimiento a las personas que se resistan a acatar las ordenes judiciales de descuento, o auxilien al obligado a ocultar o disimular sus bienes, o a eludir el cumplimiento de las obligaciones alimentarias, son responsables en los términos de lo antes mencionado; sin perjuicio de lo dispuesto por otros ordenamientos legales. Asimismo se previene al C. REPRESENTANTE LEGAL DE LA EMPRESA "CENTRO DE RESTAURACION AUTOMOTRIZ" para que en el término de TRES DIAS, informe a este Juzgado sobre el cumplimiento a este mandato judicial, apercibido que de no hacerlo en el término concedido para ello, se le impondrá como primera medida de apremio una multa por el equivalente a diez días de salario mínimo general vigente en el Distrito Federal, sin perjuicio de que la misma se agote hasta ciento veinte días de salario mínimo general vigente en el Distrito Federal, y en caso de ser necesario pueda aplicársele un arresto hasta por treinta y seis horas y en su oportunidad se le de vista al C. Agente del Ministerio Público de la Adscripción, por desacato a un mandato judicial, lo anterior con fundamento en el artículo 73 del Código de Procedimientos Civiles Vigente en el Distrito Federal.

Por lo tanto, se deja sin efecto la pensión alimenticia decretada durante el procedimiento, con el carácter de provisional.

Por lo expuesto y fundad, se;
RESUELVE:

PRIMERO.- Ha sido procedente la vía ordinaria civil, en la cual la parte actora probó su acción y el demandado se constituyó en rebeldía.

SEGUNDO.- Se declara disuelto el vínculo matrimonial contraído por los Señores OSCAR AGUILAR GOMEZ y MARIA SOLEDAD GALVAN RIOS, celebrado el día primero de marzo de mil novecientos noventa y seis, en esta ciudad de México Distrito Federal, bajo el régimen patrimonial de SOCIEDAD CONYUGAL, inscrito en la Entidad 09, Delegación 04 Juzgado 20, Acta 00567, Año 1996, Clase MA.

TERCERO.- Se decreta la terminación del régimen patrimonial de sociedad conyugal, bajo el cual contrajeron matrimonio las partes, mismo que se liquidará en la ejecución de sentencia, en caso de que existan bienes que se hayan adquirido durante la vigencia del matrimonio.

4



CUARTO.- Ambas partes conservan el ejercicio de la Patria Potestad sobre sus menores hijas CHARON ELIZABETH y GUADALUPE MONTSERRAT ambas de apellidos AGUILAR GALVAN, decretándose la guarda y custodia DEFINITIVA, de las mismas a favor de su progenitora la C. MARIA SOLEDAD GALVAN RIOS

QUINTO.- Se condena al demandado el C. OSCAR AGUILAR GOMEZ, al pago de una pensión alimenticia Definitiva a favor de sus menores hijas CHARON ELIZABETH y GUADALUPE MONTSERRAT ambas de apellidos AGUILAR GALVAN, a razón del 30 % (TREINTA POR CIENTO) Mensual, del total de sus percepciones, tanto ordinarias como extraordinarias o que por cualesquier otro concepto obtenga el demandado por la prestación de sus servicios o proveniente de sus bienes; previos los descuentos estrictamente autorizados por la ley; y la cantidad resultante de dicho porcentaje, deberá ser entregada a la actora en representación de sus menores hijas CHARON ELIZABETH y GUADALUPE MONTSERRAT ambas de apellidos AGUILAR GALVAN mediante recibo e identificación que al respecto otorgue, quedando garantizada la pensión alimenticia fijada con los derechos laborales que tiene el reo en su Centro de Trabajo en el cual presta sus servicios, por lo que, para el caso de renuncia, jubilación, despido o cualesquier otra situación similar, el Centro de Trabajo en el que labora el reo, deberá retener el porcentaje referido para ser entregado a la actora en representación de sus menores hijas CHARON ELIZABETH y GUADALUPE MONTSERRAT ambas de apellidos AGUILAR GALVAN.

En consecuencia, en su oportunidad deberá girarse el oficio de estilo al C REPRESENTANTE LEGAL DE LA EMPRESA "CENTRO DE RESTAURACION AUTOMOTRIZ", a fin de que se ordene a quien corresponda se proceda hacer el descuento del salario del deudor alimentista OSCAR AGUILAR GOMEZ, ordenados en la presente resolución, así como la garantía de los mismos. Asimismo, para que se haga del conocimiento del C. Representante Legal del Centro de Trabajo antes mencionado en el cual presta sus servicios el demandado, que será responsable de los daños y perjuicios que ocasione a las acreedoras alimentarias, ante la negligencia de practicar el descuento ordenado por el Suscrito, y de rendir informes falsos; atento a lo dispuesto por el artículo 323 BIS del Código Civil, que establece que a toda persona quien por su cargo corresponda proporcionar informes sobre la capacidad económica del deudor alimentista, está obligado a suministrar los datos que solicite el Juez de lo Familiar, de no hacerlo, será sancionado en los términos establecidos en el Código de Procedimientos Civiles; y responderá solidariamente con los obligados directos, de los daños y perjuicios que cause al acreedor alimentista por sus omisiones o informes falsos. Asimismo se hace de su conocimiento a las personas que se resistan a acatar las ordenes judiciales de descuento, o auxilien al obligado a ocultar o disimular sus bienes, o a eludir el cumplimiento de las obligaciones alimentarias, son responsables en los términos de lo antes mencionado; sin perjuicio de lo dispuesto por otros ordenamientos legales. Asimismo se previene al C. REPRESENTANTE LEGAL DE LA EMPRESA "CENTRO DE RESTAURACION AUTOMOTRIZ" para que en el término de TRES DIAS, informe a este Juzgado sobre el cumplimiento a este mandato judicial, apercibido que de no hacerlo en el término concedido para ello, se le impondrá como primera medida de apremio una multa por el equivalente a diez días de salario mínimo general vigente en el Distrito Federal, sin perjuicio de que la misma se agote hasta ciento veinte días de salario mínimo general vigente en el Distrito Federal, y en caso de ser necesario pueda aplicársele un arresto hasta por treinta y seis horas y en su oportunidad se le de vista al C. Agente del Ministerio Público de la Adscripción, por desacato a un mandato judicial, lo anterior con fundamento en el articulo 73 del Código de Procedimientos Civiles Vigente en el Distrito Federal.

5



Por lo tanto, se deja sin efecto la pensión alimenticia decretada durante el procedimiento, con el carácter de provisional.

SEXTO.- Ambas partes recobran absoluta libertad para contraer nuevas nupcias.

SEPTIMO.- En su oportunidad gírese atento oficio al C. DIRECTOR DEL REGISTRO CIVIL DEL DISTRITO FEDERAL, anexando copia certificada de la presente resolución y auto que la declare ejecutoriada, así como del acta de matrimonio de las partes, a fin de que se hagan las anotaciones marginales correspondientes, lo anterior en cumplimiento a lo dispuesto en el artículo 291 del Código Civil.

OCTAVO.-.-NOTIFIQUESE.

ASI, DEFINITIVAMENTE JUZGANDO, LO RESOLVIO Y FIRMA EL C. JUEZ DECIMO DE LO FAMILIAR DEL DISTRITO FEDERAL, LICENCIADO NICOLAS ARTURO RODRIGUEZ GONZALEZ, ANTE LA C. SECRETARIA DE ACUERDOS "B" LICENCIADA REYNA EMILIA CRESPO AGUILAR, QUIEN ASISTE Y DA FE, DOY FE.

SENTENCIA

The following description was done by Ángeles Estrada, a federally certified court interpreter, and certified English/Spanish translation.

